### WILLIAMS v. MCCARTNEY.

DUTY OF COMMON PLEAS TO AFFIRM OR REVERSE JUSTICE'S RULING ON APPEAL
FROM MOTION TO DISCHARGE ATTACHMENT.

On appeal under Rev. Stat. 6494 (Lan. 10071) from an order by a justice
of the peace overruling a motion to discharge an attachment, the com-
mon pleas is required to affirm or reverse the ruling appealed from and
send its decision back to the justice which he is bound to enter as his
final judgment. Not until this is done can the aggrieved party go to a
higher court on the whole case.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

J. H. McMakin and E. H. Williams, for plaintiff in error.

Brink & Deasy, for defendant in error.

SWING, J.

This was an action before a justice of the peace in attachment.
After the attachment was made the defendant moved to discharge the
attachment, which motion the justice overruled. Thereupon the de-
fendant appealed the question to the court of common pleas. This may
be done under Rev. Stat. 6494 (Lan. 10071). This section provides
that the question as to whether the judgment of the justice was right
may be taken to the court of common pleas, where it shall be heard by
the court or a judge within three days; and the decision is to be re-
turned with the original papers to the justice, and is to be entered by
him on his docket as the final determination of the motion.

It is quite clear from the provision of this section that all the
court or a judge of the court of common pleas can do when the matter
is brought before him is to ascertain whether the provision of the stat-
ute has been complied with, and if so, to proceed to determine whether
the justice did right in overruling the motion, and to transmit his de-
cision to the justice. There is no case pending in the court of common
pleas. The case itself is still pending before the justice. It is not in
the court of common pleas for any purpose of a trial, is not to be
heard upon evidence, is not subject to motion or demurrer; the only
question is whether the justice ruled rightly in overruling the motion
to discharge the attachment.

Williams v. McCartney.

When this matter came into the hands of the clerk of the court of common pleas it was regularly docketed as a case pending in that court; was continued on application from time to time, and finally on motion of plaintiff, McCartney, the appeal was "dismissed, set aside and wholly held for naught" at the costs of the defendant, Williams.

This action was unauthorized, and the plain provision of the statute was disregarded. The court should have either affirmed the ruling of the justice, or reversed it, and sent its decision together with the original papers back to the justice, which judgment of the court the justice was bound to enter as his final determination of the motion. After this was done, but not until then, the defendant, Williams, would have had the right to go to a higher court on the whole case. But the way the case stands now, Williams having appealed from the judgment of the justice on the motion to discharge the attachment, and there being no question as to the form of the appeal having been proper, there is no final judgment of the justice on this question.

The judgment of the court of common pleas will be reversed, and we suggest that the court proceed in the manner above indicated.

**Giffen** and **Smith, JJ.,** concur.